# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4872 | **DATE** | May 26, 2011 |
| **CASE TITLE** | US vs. Thaddeus Bania  (07 CR 580-6) | | |

**DOCKET ENTRY TEXT**

Because the affidavits of Bania and Becker raise a factual dispute which does not allow us to conclusively determine whether Bania actually instructed Becker to file an appeal, we conclude that an evidentiary hearing is warranted on this limited issue. *See* 28 U.S.C. § 2255 (petitioner entitled to hearing if the motion, the files, and the record of the case do not conclusively show that the prisoner is entitled to no relief).   Accordingly, this Court will conduct an evidentiary hearing on this limited issue. To secure Bania's attendance during the evidentiary hearing, the Government is directed to file a petition for a writ of habeas corpus ad testificandum requesting the Duluth Federal Prison Camp, Minnesota, to produce Bania. A status hearing will be held on July 13, 2011 at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

  This matter comes before the Court on the motion of Thaddeus Bania ("Bania") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On May 1, 2009, a jury convicted Bania of one count of conspiracy to commit mail fraud and theft from a labor organization, four counts of mail fraud, and five counts of embezzling, stealing, and unlawfully and willfully abstracting and converting to his own use and to the use of others property of a labor organization. On August 27, 2009, this Court sentenced Bania to forty months' incarceration. Bania did not appeal his conviction or sentence.

  On September 13, 2010, Bania filed an amended petition under 28 U.S.C. § 2255 which raised an ineffective assistance of counsel claim. In a sworn statement attached to his petition, Bania asserts that he specifically asked his counsel, George Becker ("Becker"), to file a direct appeal of his sentence and Becker refused. On May 12, 2011, the Government filed a sur-reply addressing Bania's ineffective assistance of counsel claim and attached, in support, Becker's sworn affidavit. According to the affidavit, Becker met with Bania after the sentencing and informed Bania that he doubted Bania could prevail on appeal especially in light of the fact that the Government could appeal Bania's sentence as being too lenient. Becker also states that on August 28, 2009, Bania advised him not to file an appeal. Becker further states that at no time did Bania direct him to file an appeal and at no time did Becker refuse to file an appeal.

  Because the affidavits of Bania and Becker raise a factual dispute which does not allow us to conclusively determine whether Bania actually instructed Becker to file an appeal, we conclude that an evidentiary hearing is warranted on this limited issue. *See* 28 U.S.C. § 2255 (petitioner entitled to hearing if the motion, the files, and the record of the case do not conclusively show that the prisoner is entitled to no relief).

| ORDER |
|---|

Accordingly, this Court will conduct an evidentiary hearing on this limited issue. To secure Bania's attendance during the evidentiary hearing, the Government is directed to file a petition for a writ of habeas corpus ad testificandum requesting the Duluth Federal Prison Camp, Minnesota, to produce Bania. A status hearing will be held on July 13, 2011 at 9:30 a.m.

Dated: **May 26, 2011**

**CHARLES P. KOCORAS**
**U.S. District Court Judge**