UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 10 C 4872 |
| vs. ) | |
| ) | 07 CR 580-6 |
| THADDEUS BANIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Thaddeus Bania ("Bania") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

**BACKGROUND**

Bania is a former employee of Warehouse, Mail Order, Office, Technical and Professional Employees Union, Local 743 of the International Brotherhood of Teamsters ("Local 743"). Bania and several other Local 743 employees were investigated for conspiring to rig, through the use of the United States mail, the October and December 2004 elections of Local 743's officers. Bania was suspected of converting hundreds of official ballot packages and casting them in favor of incumbent candidates Robert Walston ("Walston") and Richard Lopez ("Lopez"). On March 6,

2008, a federal grand jury returned a multi-count indictment charging Bania, Walston, Lopez, David Rodriguez, and Cassandra Mosley with conspiracy to commit mail fraud and theft from a labor organization, 18 U.S.C. §§ 2, 1341, 1346, four counts of mail fraud, 18 U.S.C. §§ 2, 1341, 1346, and five counts of embezzling, stealing, and unlawfully and willfully abstracting and converting to their own use and to the use of others the property and other assets of a labor organization, 29 U.S.C. §§ 2, 501(c). After several continuances, Bania's trial commenced on April 6, 2009. At the close of all evidence, a special verdict form, listing the counts with which each defendant was charged in the indictment, was submitted to the jury. On May 1, 2009, the jury found Bania guilty of one count of conspiracy, four counts of mail fraud, and six counts of theft from a labor organization.

With respect to the mail fraud counts, the jury found Bania guilty on the basis of two separate liability theories. According to the special verdict form, he was found guilty of engaging in a scheme to defraud victims "of money or property" and "of the intangible rights to honest services." On August 27, 2009, this Court sentenced Bania to forty months' incarceration on each count of the conviction, to run concurrently. The Court also ordered restitution in the amount of $900,936.

On September 13, 2010, Bania brought this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because Bania based his motion, in part, on

his attorney's failure to appeal his conviction, the Court conducted an evidentiary hearing to determine whether Bania waived his right to appeal. The Court concluded that Bania knowingly declined to exercise his right to appeal after having been advised of this right by his attorney.

## LEGAL STANDARD

Section 2255 permits a prisoner to ask the sentencing court to vacate, set aside, or correct a sentence after direct review is completed on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. Such collateral relief is only available, however, where the sentence involved a constitutional error or results in a complete miscarriage of justice. *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). In evaluating a Section 2255 petition, the district court reviews the record and draws all reasonable inferences in favor of the government. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

## DISCUSSION

Bania contends that he is entitled to relief based on a Supreme Court decision rendered after his conviction. On June 24, 2010, the Supreme Court vacated the conviction of Jeffrey Skilling, former chief executive officer of the bankrupt corporation Enron, and held that the "honest services" provision of the mail fraud statute applies only to bribes and kickbacks. *Skilling v. United States*, 130 S. Ct. 2896, 2933 (2010).

Bania claims that the Supreme Court's decision in *Skilling* requires that his sentence be set aside. Bania also claims that he is entitled to habeas relief because his trial counsel was ineffective.

## I. The "Intangible Right Of Honest Services" Jury Instructions

An error in jury instructions does not automatically require the reversal of a conviction; rather, such an error is subject to harmless error analysis. *Skilling*, 130 S.Ct. at 2934; *Hedgpeth v. Pulido*, 555 U.S. 57, 60-61 (2008). Pursuant to the harmless error standard, an instructional error results in reversal only if, in light of the record as a whole, the error had a "substantial and injurious effect or influence" on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). Under this standard, instructional errors must result in "actual prejudice." *Id.* at 637; *Jenkins v. Nelson*, 157 F.3d 485, 494 (7th Cir. 1998) (citing *California v. Roy*, 519 U.S. 2, 4 (1996)). Additionally, a petitioner will not obtain relief unless the habeas court has "grave doubt" as to the harmlessness of the constitutional error. *Jones v. Basinger*, 635 F.3d 1030, 1052 (7th Cir. 2011) (citing *O'Neal v. McAninch*, 513 U.S. 432, 445 (1995)). In applying this test, "the habeas court [must] evaluate to some extent the probability of the outcome if the case were tried under proper instructions." *Toney v. Peters*, 48 F.3d 993, 998 (7th Cir. 1995).

Bania asks that this Court vacate his conviction because the Supreme Court in *Skilling* held that a conviction based on the "intangible right of honest services" is unconstitutional and, as a result, the court improperly instructed the jury on the mail fraud counts. Bania was convicted of violating 18 U.S.C. §1341, which prohibits the use of the mail to "devise any scheme or artifice to defraud." A "scheme or artifice to defraud" includes a "scheme or artifice to deprive another of the intangible right to honest services." 18 U.S.C. § 1346. The Supreme Court in *Skilling* did not strike down the "honest services" statute in its entirety, but rather limited the application of this statute to cases involving bribery or kickbacks. Because Bania's conduct did not involve bribery or kickbacks, he is correct that a conviction based on the "intangible right of honest services" theory constitutes error.

Nevertheless, we find that this error is harmless for two reasons. First, we note that Bania was not solely convicted on mail fraud counts. He was found guilty of one count of conspiracy and five counts of theft from a labor organization. Those counts did not rely on the "intangible right of honest services" theory of liability, and his conviction can stand on that basis alone.

Second, Bania's conviction under Section 1341 is sustainable based on the alternative "money-or-property" theory of liability. 18 U.S.C. § 1341. Section 1341 prohibits the use of the mail to obtain "money or property by means of false or

fraudulent pretenses, representations, or promises." *Id.* The Court properly instructed the jury on the alternative "money-or-property" theory. Without objection by any of the trial defendants, the jury was presented with a special verdict form that required it to submit separate findings of liability under the "honest services" and "money-property" theories. After deliberations, the jury returned the form indicating that Bania had engaged in a scheme to defraud Local 743 of both "the intangible right of honest services" and "money or property." Because of the special verdict form, we are absolutely certain that the jury found the defendant guilty of honest services fraud as well as, not instead of, the money-or-property fraud.

While *Skilling* limited the applicability of the "honest services" statute to bribery and kickback schemes, the Supreme Court clearly indicated that the "money-or-property" fraud theory remains a valid basis for liability under Section 1341. *Skilling*, 130 S. Ct. at 2934. The Court therefore has no doubt, let alone grave doubt, that although an instructional error occurred, the error did not have a substantial effect or influence on the jury's verdict. Had the verdict turned only on a legally invalid form of honest services fraud, Bania would have been entitled to relief. However, in the case at hand, sufficient evidence exists to sustain a conviction for mail fraud under the money-or-property charge. Since the jury was separately and specifically instructed on the money-or-property charge, an erroneous instruction is irrelevant and harmless. *See*

*United States v. Black*, 625 F.3d 386, 393 (7th Cir. 2010) (determining that a money-property theory could be disentangled from an honest services theory). Accordingly, Bania's petition to vacate, set aside, or correct his sentence based on erroneous jury instructions is denied.

## II. Ineffective Assistance Of Counsel Claim

Bania next contends that his trial counsel was constitutionally ineffective because his attorney failed to appeal his conviction and committed several trial errors.[1]

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) but for his attorney's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). If a petitioner makes an insufficient showing under one of the *Strickland* prongs, a district court does not need to address the other prong. *Id*. at 697. The district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Therefore, the petitioner bears a heavy

---

[1] The Government argues that Bania's ineffective assistance of counsel claims are procedurally defaulted because they were not raised on direct appeal. However, ineffective assistance of counsel claims may be brought in a collateral proceeding under Section 2255 regardless of whether the petitioner could have brought the claim on direct appeal. *Massaro*, 538 U.S. 500, 508-09 (2003).

burden in establishing that his counsel was ineffective. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006).

### A. Ineffective Assistance of Counsel for Failure to File an Appeal

Bania claims that his attorney failed to honor his requests to appeal several alleged errors at trial and sentencing, including (1) the constitutionality of the "intangible right to honest services" jury instruction, (2) the denial of his motion to sever trials, (3) the restitution order, and (4) the inclusion of a sentence enhancement. Bania contends that the Court need not conduct a *Strickland* analysis because the failure to appeal is *per se* ineffective assistance of counsel.

An attorney's failure to file an appeal, if requested by the client, is *per se* ineffective assistance of counsel. *Castellanos v. United States*, 26 F.3d 717, 719-20 (7th Cir. 1994). "Request is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue." *Id*. at 719.

On October 24, 2011, this Court conducted an evidentiary hearing to determine whether Bania's attorney failed to file an appeal despite Bania's requests. Upon examination of the evidence, the Court concluded that Bania knowingly declined to exercise his right to appeal after having been advised by his attorney of the right to file such an appeal. Therefore, Bania has not established a *per se* ineffective assistance of counsel claim, and we must examine his claims under the *Strickland* test.

For similar reasons, Bania has failed to meet his burden under *Strickland*. In particular, Bania cannot show that his attorney's representation fell below an objectively reasonable standard because Bania's attorney advised him of the right to appeal, and Bania knowingly declined to exercise this right. Therefore, Bania's claim for ineffective assistance of counsel for failure to file an appeal is denied, and we need not examine his claim under the second prong of *Strickland*.

### C. Other Ineffective Assistance Of Counsel Claims

Finally, Bania contends that his trial counsel was constitutionally ineffective because he (1) failed to investigate, interview, and subpoena several alibi witnesses; (2) labored under a conflict-of-interest with respect to Walston, the Government's witness; and (3) failed to advance the true motives pertaining to criminal actions by several of his co-defendants.

To succeed on an ineffective assistance of counsel claim, a petitioner must "point out and make clear" to the court the specific acts and omissions forming the basis of his claims. *Arango-Alvarez v. United States*, 134 F.3d 888, 892 (7th Cir. 1998). Bania's petition is entirely devoid of any legal arguments that would adequately support his claims. Particularly, Bania has failed to either explain why his attorney's actions were unreasonable or demonstrate any prejudice arising therefrom. Bania's undeveloped arguments thus fail to rebut the strong presumption that his attorney provided adequate

representation. *See Meyer*, 234 F.3d at 325. Therefore, Bania's remaining claims of ineffective assistance of counsel are denied.

## CONCLUSION

Based on the foregoing analysis, Bania's motion to vacate, set aside, or correct his sentence is denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:   November 28, 2011